VILLODAS, PLAINTIFF AND APPELLANT, v. A. HARTMANN & CO.
ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action
for Acknowledgment of Servitude and Damages.

No. 2030.—Decided July 23, 1920.

RIGHT OF WAY—USE FROM TIME IMMEMORIAL.—Since the Civil Code went into
effect use from time immemorial is not a sufficient title for acquiring a
servitude of right of way; but that means is lawful where the use com-
menced prior to that time, for the former code recognized it as such.

EVIDENCE.—The evidence in this case was contradictory. The court adjusted the
conflict in favor of the defendant. Held: That in the absence of manifest
error on the part of the trial court its weighing of the evidence should be
sustained, particularly as the appellant did not bring up to this court all
of the evidence submitted to the district court.

The facts are stated in the opinion.

Messrs. M. and J. Tous Soto and J. C. Ramos for the
appellant.

Mr. T. Bernardini for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff brought an action for the acknowledgment
of a servitude and for damages. The issue was particularly
raised in the fifth and sixth counts of the complaint, as fol-
lows:

"5th. Since time immemorial the property first described, be-
longing to the plaintiff, has had the free and permanent use and
enjoyment of a servitude of right of way over the property last
described, by a road with apparent signs 888.75 meters long and
3.25 meters wide, which begins at the southern boundary of the
plaintiff's property and crosses the property described in the third
count of this complaint from north to south until it branches off
in the bed of Creo brook, which gives access to the road between
Guayama and Patillas.

"6th. The plaintiff alleges that the said road has been used
permanently by him and by the former owners of his said prop-
erty as a right of way uninterruptedly, quietly and peaceably from
a time beyond the memory of the oldest inhabitants of the neighbor-
hood, it being the only means of egress to the said road used for
the service of the plaintiff's property."

The defendants answered and we transcribe the parts of paragraph two, three, five and six of the answer which in our judgment are necessary to give a clear idea of how the issue was joined between the parties.

"2nd. The strip of land upon which the plaintiff seeks to establish a servitude of right of way across the property of the defendants and in favor of his property is a private road used exclusively for the defendants' property  *  .  *   *  .

"3rd. The use by the plaintiff of the said road has been at sufferance by the mere favor of the defendants  *   *   *  .

"5th. The said road existed and was first used by the former owners of the defendants' property about 25 or 30 years ago, according to their best information, because of the bad condition of the old Romana road, it being then a foot-path across the pasture and without the same direction which it now has, for instead of running from north to south, as at present, it ran from south to west up to a place near the very old road of Armagnac or Madama Romana, which is the natural outlet of the plaintiff's property to the Arroyo read, and its use at present is of very recent date, or since a few years before the death of Emilio Guilliod, the former owner of the plaintiff's property, who, as well as his lessee, was permitted to use it at times  *   *   *  .

"6th. The only old road always used from the plaintiff's property as an outlet to the Arroyo road is an old road which, according to the best information, knowledge and belief of the defendants, exists from time immemorial."

The case went to trial and oral evidence was examined at great length. While witness Antonio Covas was testifying the following occurred:

"(Here the witness asked the court to permit him to take an object so as to make his explanation clearer, and, making a sketch on the paper, he said):  *   *   *  The plaintiff offered the sketch in evidence and the court ordered that it be marked 'Exhibit X' to indentify it." (Pages 40 and 41 of the transcript.)

Among the evidence offered by the defendants were two photographs which were admitted and marked exhibits 1 and

2.   (Page 74 of the transcript.)   The trial judge made a personal inspection of the properties and the roads to which the complaint and the answer refer.   Neither the sketch, the photographs nor the notes which should have been made of the inspection have been brought up to this court.

The district court entered judgment dismissing the complaint without costs and from that judgment the plaintiff took the present appeal.

According to the deeds and their records in the registry of property, the property of the defendants is free from encumbrances.   The plaintiff himself admitted this.   He claims the acknowledgment of the servitude on the ground of use from time immemorial.

That means of acquiring an easement of right of way is not lawful since the enactment of the Civil Code.   However, as it was lawful under the old laws, the plaintiff could plead it and produce evidence of it at the trial.

Examining the oral evidence introduced by the plaintiff, we conclude that in point of fact from a time which may be considered as immemorial, as that term is defined by jurisprudence, there has been an outlet to the highway from the property now belonging to the plaintiff by a foot-path crossing the property belonging today to the defendants.

The evidence produced by the defendants shows that the use of the foot-path across their property does not date back to a time which can be considered as immemorial; that on different occasions during a period of almost thirty years there have been several private agreements permitting the use of the path, which agreements never had the scope of a full grant of a right of way in favor of the plaintiff's property; that the real road used from time immemorial as an outlet from the plaintiff's property to the highway was the road called Romana, which exists at present; that although the plaintiff has insisted in asserting what he calls

his right, it is a fact that he has attempted to contract with the defendants for paying a price for the right of way, and that the road existing at present across the defendants' property is not in exactly the same place as the old foot-path and was opened by the defendants themselves, or their lessees, for the benefit of their own property, which has been planted with sugar cane for a long time.

This being the result of the evidence, it is to be observed that there was an actual conflict on the very essential point of whether or not there was an actual right which had been exercised as such from time immemorial. The conflict was adjusted by the district court against the plaintiff and, in accordance with the settled jurisprudence, unless it were shown, which the appellant did not show, that the court was influenced by passion, prejudice or partiality, or committed manifest error, its conclusion must prevail.

Besides, in this case there is a strong reason for not interfering with the weighing of the evidence by the district court, and that is that the appellant has not placed this court in the same position that the trial court was in for reaching its conclusion, for we have not before us either the sketch or the photographs or the notes of the ocular inspection, if any were prepared, which should have been done.

As to the claim for damages for the closing of the road, it having been held that the plaintiff was not entitled to its use, that claim can not be sustained, for the basis of it was the right of way itself.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.